UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHYLLIS J. LAWRENCE,<br><br>    Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH, United States Secretary of Veterans Affairs,<br><br>    Defendant. | Case No. 3:21-cv-00031<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This employment discrimination action brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, arises out of pro se Plaintiff Phyllis J. Lawrence's employment at the Department of Veterans Affairs (VA) Tennessee Valley Healthcare System (TVHS) in Nashville, Tennessee. (Doc. No. 11.) Defendant Denis McDonough, Secretary of the Department of Veterans Affairs, has filed a motion to dismiss Lawrence's amended complaint in part (Doc. No. 33), and Lawrence has responded in opposition (Doc. No. 37). For the reasons that follow, the Magistrate Judge will recommend that McDonough's motion be granted in part and denied in part.

I.      **Factual and Procedural Background**[1]

Lawrence is an African-American woman born in 1962 and worked as a nurse manager at TVHS. (Doc. No. 11.) Lawrence alleges that she has "been harassed, bullied, and subjected to a hostile work environment since [her] initial claim reporting unsafe and unclean practices in the [TVHS] Urology Clinic . . . in 2012." (*Id.* at PageID# 43.) She states that TVHS removed her from her nurse manager position and replaced her with a Caucasian individual, failed to promote her to more than twenty other positions for which she applied, gave her triple the workload of other managers, and denied her training and leadership opportunities. (Doc. No. 11.) Lawrence further alleges that, on April 29, 2020, TVHS's chief of staff called her "a 'darky'[ ] and a black b---- . . . ." (*Id.* at PageID# 43.) Lawrence filed formal complaints with the VA's Office of Resolution Management and the Equal Employment Opportunity Commission (EEOC); the EEOC ruled in TVHS's favor and denied Lawrence's request for reconsideration of its decision. (Doc. No. 11.)

Lawrence initiated this action on January 14, 2021, by filing a pro se complaint under Title VII and the ADEA.[2] (Doc. No. 1.) The Court granted Lawrence's motion for leave to amend the complaint and ordered her to file an amended complaint by March 2, 2021. (Doc. Nos. 8, 9.) The Court received two amended complaints from Lawrence before that deadline: On February 22, 2021, the Court received an amended complaint by mail consisting of written descriptions of Lawrence's claims and a copy of the EEOC's denial of Lawrence's request for reconsideration.

---

[1]    The facts in this section are drawn from Lawrence's amended complaint (Doc. No. 11) and assumed true for purposes of resolving the pending motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

[2]    Lawrence also filed an application for leave to proceed *in forma pauperis* (Doc. No. 2), but the Court denied the application after finding that paying the Court's civil filing fee would not impose an undue hardship on Lawrence (Doc. No. 4). Lawrence has since paid the filing fee. (Doc. No. 5.)

(Doc. No. 10.) On February 24, 2021, Lawrence filed an amended complaint that includes the same documents and also includes a form complaint for discrimination with additional details about her claims. (Doc. No. 11.) The Court construes the second filing (Doc. No. 11) as Lawrence's amended complaint and the operative pleading in this action.[3] In it, Lawrence asserts discrimination and retaliation claims under Title VII and the ADEA and seeks money damages.[4] (*Id.*)

McDonough has filed a motion to dismiss in part Lawrence's amended complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 33), arguing that the Court should dismiss some of Lawrence's Title VII claims for failure to state claims on which relief can be granted (Doc. No. 34).[5] McDonough argues that Lawrence's allegations that TVHS discriminated against her for reporting unsafe and unclean practices in the urology clinic are insufficient to state a Title VII retaliation claim because Title VII does not protect that type of reporting activity. (Doc. No. 34.) McDonough further argues that Lawrence failed to exhaust her administrative remedies with respect to eight of her failure-to-promote claims, her claim that TVHS tripled her workload,

---

[3] On June 3, 2021, Lawrence filed another document titled "Amended Complaint" that consists of excerpts from her February 24, 2022 pleading and an additional certificate of service dated June 3, 2021. (Doc. No. 16.) Lawrence did not seek the Court's leave to file another amended complaint. *See* Fed. R. Civ. P. 15(a). The operative pleading in this action remains the amended complaint filed on February 24, 2021. (Doc. No. 11.)

[4] Lawrence's amended complaint names former United States Secretary of Veterans Affairs Robert Wilkie as a defendant. (Doc. No. 11.) Under Federal Rule of Civil Procedure 25(d), McDonough has been automatically substituted for Wilkie. *See* Fed. R. Civ. P. 25(d). In a prior memorandum order, the Court clarified that McDonough is the proper defendant in this action, denied without prejudice a motion to dismiss this action under Federal Rule of Civil Procedure 4(m) for Lawrence's failure to perfect service of process on McDonough, and extended the deadline for Lawrence to effect service of process on McDonough. (Doc. No. 30.)

[5] McDonough has not argued that the Court should dismiss any of Lawrence's ADEA claims. (Doc. No. 34.)

her claim that TVHS denied her training and leadership opportunities, and her claim that TVHS's chief of staff subjected her to specific racial slurs. (*Id.*) In support of his motion to dismiss, McDonough has filed copies of six formal complaints of employment discrimination that Lawrence filed with the VA while working at TVHS. (Doc. Nos. 35-1–35-6.)

Lawrence has filed a response in opposition to McDonough's motion to dismiss, arguing generally that the VA "failed to judiciously act to uphold their own policies, procedures, and mandates." (Doc. No. 37, PageID# 175.) Lawrence argues that she was "bullied, harassed, overlooked for promotions, and called . . . racial epithets" for "[s]peaking out to address the wrongs of the agency[.]" (*Id.*) McDonough has not filed an optional reply.

## II.     Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked

4

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Lawrence appears pro se, the Court construes her filings "'liberally'" and holds her amended complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.     Analysis**

**A.     Lawrence's Title VII Retaliation Claim Based on Reporting Unsafe and Unclean Clinic Practices**

Title VII prohibits employers from discriminating against any employee because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. It also prohibits employers from retaliating against employees because the employees have "opposed any practice made an unlawful employment practice" under Title VII or have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. *Id.* § 2000e-3(a). "Examples of opposition activity protected under Title VII include 'complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices; [and] refusing to obey an order because the worker thinks it is unlawful under Title VII.'" *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 344–45 (6th Cir. 2021) (alteration in original) (quoting *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 721 (6th Cir. 2008)).

McDonough argues that Lawrence has failed to state a plausible Title VII retaliation claim based on allegations that she reported unsafe and unclean practices in the urology clinic because her alleged reporting "does not pertain to employment discrimination and, therefore, is not the type of protected activity contemplated by Title VII." (Doc. No. 34, PageID# 129.) Lawrence responds that her reporting concerned "[p]atient safety[,]" which "is a priority for all in the healthcare profession." (Doc. No. 37, PageID# 175.) Lawrence has not argued, however, that Title VII protects employees who report patient safety issues that are unrelated to the discrimination addressed by the statute. And McDonough is correct that "complaints about management practices or decisions rather than discrimination against a protected class are not protected activities under Title VII." *Scheske v. Univ. of Mich. Health Sys.*, 59 F. Supp. 3d 820, 827 (E.D. Mich. 2014); *see also Fletcher v. Northlake Med. Ctr., LLC*, No. 1:04-CV-2439, 2005 WL 8154719, at *20-21 (N.D. Ga. Dec. 21, 2005) (finding that plaintiff employees failed to state Title VII retaliation claim based on allegations that they repeatedly complained about "violations that allegedly compromised the health care and safety of [their employer's] patients"), *report and recommendation adopted by* 2006 WL 8431712 (N.D. Ga. Feb. 10, 2006).

The Court should therefore find that Lawrence has failed to state a plausible Title VII retaliation claim based on allegations that she reported unsafe and unclean practices in the TVHS urology clinic in 2012.

### B. Administrative Exhaustion of Lawrence's Other Title VII Claims

Title VII requires all claimants to present their claims to the EEOC before filing suit in federal court so that the agency can investigate the claims and determine whether to take legal action on the plaintiffs' behalf. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846–47 (2019) (discussing 42 U.S.C. § 2000e-5). "Only after the EEOC elects not to act—or after 180 days pass— may the claimant proceed to federal court." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir.

2020) (citing *id.* at 1851–52). Federal employees who bring Title VII claims must meet additional pre-suit requirements. *See McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) ("In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976))). For example, federal regulations provide "that '[an] aggrieved person must initiate contact with a[n] [EEO] Counselor within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'" *Id.* (alterations in original) (quoting 29 C.F.R. § 1614.105(a)(1)).

Failure to exhaust administrative remedies is an affirmative defense to Title VII claims that defendants may raise in a motion to dismiss under Rule 12(b)(6). *O'Bryan v. US Bank Nat'l Assoc.*, No. 3:20-cv-00153, 2020 WL 4753844, at *5 (M.D. Tenn. Aug. 17, 2020); *see also Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) ("Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII . . . action."). McDonough argues that Lawrence failed to exhaust eight of her failure-to-promote claims and her claims that TVHS gave her triple the workload of other managers, denied her training and leadership opportunities, and that the TVHS chief of staff called her a "darky" and "black b-----." (Doc. No. 34.) In support of his arguments, McDonough has filed copies of six EEO complaints Lawrence filed with the VA's Office of Resolution Management during her employment at TVHS, accompanied by a declaration verifying their authenticity.[6] (Doc. Nos. 35–35-6.) Lawrence has not directly responded to

---

[6] While courts may not generally consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion into one for summary judgment, *see* Fed. R. Civ. P. 12(b)(6), EEO complaints are considered to be public records that courts may consider without converting the motion into one for summary judgment. *See Robinson v. Chao*, 403 F. Supp. 2d 24, 28–31 (D.D.C. 2005) (considering EEO documents in granting motion to

McDonough's exhaustion arguments. Instead, she states generally in her response that "[t]here is not a statute of limitation for accepting responsibility for [ ] dehumanizing an individual or attempting to cover the truth." (Doc. No. 37, PageID# 175.)

1. **Failure to Promote**

McDonough argues that Lawrence failed to contact an EEO counselor within 45 days of 8 of the promotion decisions underlying her failure-to-promote claims and therefore failed to timely exhaust her VII claims based on those decisions. (Doc. No. 34.) Specifically, McDonough points to Lawrence's fifth EEO complaint, filed on March 11, 2019, in which Lawrence states that she contacted an EEO counselor on February 11, 2019, regarding her claims that, among other things, she was not selected for promotions on April 24, 2014; May 29, 2014; January 16, 2015; January 20, 2015; April 14, 2015; June 11, 2015; June 23, 2015; and February 26, 2018. (Doc. Nos. 34, 35-5.) All of those dates fall more than 45 days before February 11, 2019, and Lawrence does not argue that she contacted an EEO counselor regarding any of these decisions at an earlier date. McDonough has therefore shown that dismissal of any Title VII claims based on these decisions not to promote Lawrence is warranted because Lawrence failed to exhaust her administrative remedies before filing suit. *See Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007) ("A district court may dismiss a case where a plaintiff has failed to comply with [the 45-day] requirement.").

---

dismiss Title VII claims under Rule 12(b)(6) for failure to exhaust administrative remedies); *Krantz v. Mnuchen*, No. 1:19-cv-454, 2020 WL 1976435, at *2 n.4 (S.D. Ohio Apr. 24, 2020) (finding that court could consider plaintiff's "EEO complaint, a matter of public record that is integral to the complaint, within the context of Rule 12(b)(6)"); *cf. O'Bryan*, 2020 WL 4753844, at *5–7 (considering EEOC charge in resolving Rule 12(b)(6) motion to dismiss).

### 2. Increased Workload and Denial of Training and Leadership Opportunities

McDonough further argues that Lawrence never contacted an EEO counselor regarding her claims that TVHS tripled her workload compared to other managers and denied her training and leadership opportunities. (Doc. No. 34.) Lawrence has not responded to this argument, and the EEO complaints in the record do not include any references to these claims. McDonough has therefore shown that dismissal of any Title VII claims based on these allegations is warranted for Lawrence's failure to exhaust her administrative remedies before filing suit. *See Dixon*, 481 F.3d at 330.

### 3. Racial Slurs

McDonough argues that Lawrence failed to exhaust her Title VII claims based on allegations that TVHS's chief of staff called her a "darky" and "black b----" because Lawrence's EEO complaint regarding this incident did not include these specific slurs (Doc. No. 34) and, instead, stated more generally that the chief of staff "made a very derogatory and highly inappropriate comment regarding [Lawrence]" (Doc. No. 35-6, PageID# 173). McDonough asserts that Lawrence "should not be permitted to convert her generalized claim of a 'very derogatory and highly inappropriate comment' to strikingly specific slurs after the administrative case concludes, and for the first time in district court." (Doc. No. 34, PageID# 134.)

McDonough has not cited any authority to support this argument, and the Court is not aware of any. To the contrary, federal courts recognize that "'[a] federal [Title VII] complaint does not have to be a mirror image of the administrative complaint'" as long as "the Title VII claims are 'limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations."'" *Contreras v. Ridge*, 305 F. Supp. 2d 126, 132 (D.D.C. 2004) (first quoting *Kent v. AVCO Corp.*, 815 F. Supp. 67, 69 (D. Conn. 1992); and then quoting

*Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)). "This requirement is satisfied if (1) there is a reasonable relationship between the allegations in the EEO charge and the civil complaint; and (2) the civil claim can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* (quoting *Mack v. Strauss*, 134 F. Supp. 2d 103, 109 (D.D.C. 2001)).

Lawrence's sixth EEO complaint states that she contacted an EEO counselor on June 1, 2020, regarding the following allegations, among others:

> In a[n] April 29, 2020, meeting regarding nursing's role and COVID-19 testing in the GI Lab, the Chief of Staff, Dr. John Nadeau made a very derogatory and highly inappropriate comment regarding me. My Chief Nurse, Kelly McCullough who told me about the meeting would not divulge the actual comments. Later Dr. John Nadeau came by my office to apologize for the comments that he made about me. Ms. Kelly McCullough reported the event to Mrs. Kathleen Nieves, Deputy Associate Director Patient Care Services.

(Doc. No. 35-6, PageID# 173.) There is a reasonable relationship between these allegations and the allegations in Lawrence's amended complaint that TVHS's chief of staff called her a "darky" and a "black b----" on April 29, 2020 (Doc. No. 11), and Lawrence's Title VII claims based on these specific slurs could reasonably be expected to grow out of an investigation of these allegations. McDonough therefore has not shown that dismissal of this claim for failure to exhaust is appropriate.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that McDonough's motion to dismiss in part Lawrence's amended complaint (Doc. No. 33) be GRANTED IN PART and DENIED IN PART.

The Court should GRANT McDonough's motion to dismiss with respect to Lawrence's Title VII retaliation claim based on her alleged reporting of unsafe and unclean practices in the TVHS urology clinic in 2012, her Title VII claims based on the eight decisions not to promote her

discussed above, and her Title VII claim based on allegations that TVHS tripled her workload and denied her training and leadership opportunities.

The Court should DENY McDonough's motion to dismiss with respect to Lawrence's Title VII claim that TVHS's chief of staff called her a "darky" and "black b----" on April 29, 2020.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 28th day of December, 2022.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge