IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PHYLLIS J. LAWRENCE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00031 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| DENIS MCDONOUGH, United States Secretary of Veteran's Affairs, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation (Doc. No. 60, "R&R") of the Magistrate Judge, recommending that the Court grant the pending motion for summary judgment (Doc. No. 45, "Motion") filed by Defendant on October 20, 2023.

On March 11, 2024 (thirteen days after the R&R was issued), Plaintiff filed a "Response and Objection to Defendant's Motion for Summary Judgment" (Doc. No. 61, "Response"). Plaintiff's Response (and the objections contained therein) purport(s) to be made to Defendant's Motion, not to the R&R. (Doc. No. 61 at 1) ("Comes now, the Plaintiff, . . . and hereby objects to the Defendant's Motion for Summary Judgment"); (*id.* at 7) ("Accordingly, [Plaintiff] respectfully request[s] that the Court deny the Defendant's Motion for Summary Judgment."). But even if the Court did construe the Response as being directed toward the R&R (despite Plaintiff's clear statements that it is directed at Defendant's Motion),[1] it would be unhelpful to Plaintiff because

---

[1] The Response cannot be accepted as a response to the Motion, both because it was filed too late and because Plaintiff already filed a response (Doc. 59) to the Motion before the R&R was issued (albeit only after she had been ordered to show cause, (Doc. No. 55), why she should be permitted to file an untimely response to the Motion). And in any event, what is it issue right now is the validity of the R&R, not the validity of the Motion, and Plaintiff now needs to have launched a valid attack on the R&R, not the Motion.

the "objections" in the Response fail to comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation. Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. *See* Fed. R. Civ. P. 72(b)(2)-(3). Additionally, Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made to apprise the District Judge of the bases for the objections. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

Via the Response, Plaintiff does not even purport to disagree generally with the R&R, much less state with particularity the specific portion of the R&R with which she agrees. Rather, Plaintiff merely restates her conclusory allegations that she suffered discrimination based on her age and race, and that she was retaliated against and subjected to a hostile work environment for reporting that discrimination. Additionally, via the Response, Plaintiff summarizes "evidence" she submitted as exhibits in support of the Response. (*See* Doc. No. 62-1). Plaintiff asserts that this "evidence" "demonstrates a pattern of discriminatory behavior and decision-making based on race and age, thereby raising substantial questions of fact that should be adjudicated by a jury." (Doc. No. 61 at 2). However, Plaintiff offers no insight as to how this "evidence" might conceivably

respond to any finding (much less a specific finding) in the R&R, nor does Plaintiff explain why the Court should consider this "evidence" in evaluating the R&R despite Plaintiff's failure to file any of this "evidence" in her three-page response to Defendant's Motion (Doc. No. 59). Therefore, because Plaintiff's Response is procedurally deficient under the Federal Rules of Civil Procedure and this Court's Local rules, it may not be properly considered by the undersigned in deciding whether to adopt the R&R. Therefore, the R&R is treated as unopposed.[2]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Nonetheless, the Court has reviewed the R&R and the file. The R&R (Doc. No. 60) is adopted and approved. Thus, Defendant's Motion (Doc. No. 45) is **GRANTED**. The Clerk is **DIRECTED** to enter final judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Even if the Court were to consider Plaintiff's arguments made in her Response, the Court would not find them sufficient to prevent a grant of summary judgment for the reasons articulated by the Magistrate Judge when recommending such a grant.